My name is James Todd Bennett. I'm appearing on behalf of Petitioner Appellant Navneet Ghotra, and I'd like to reserve two minutes and rebuttal if necessary. This particular case is somewhat problematic. It's actually a family-related case to the Paul Singh case. Although they aren't officially married, they were religiously married. Jurisdiction – first issue is whether there's jurisdiction under the – under Singh in this particular case, which I think there clearly is. Then the question, though, becomes what's the remedy, and that impacts with the issue raised in the 28J letter by opposing counsel as to whether a petition for recalling the mandate would be the appropriate remedy. As far as the habeas jurisdiction goes, clearly, and I think even the government concedes, this is a post-decisional error in omission, and therefore, Singh jurisdiction attaches. And it takes us even further away from the Kopyon line, which isn't really – at any rate, it's further beyond the line of the expansion of the jurisdiction of the BIA asserted in Kopyon in the sense that this occurs long after the – the entry of the final order. The issue here, as I understand it, is the failure to raise an issue. So it's an error that's being charged with something that occurs in the court of appeals. And the Attorney General, on page 741, appears to see this problem. He says, "...there are, however, some situations which it clearly would not be, such as when the deficit performance claim involved the quality of the lawyer's brief or argument before the court of appeals." And that's where the failure to enter the issue, argument, didn't raise the issue. So it seems to me, and I'd like to hear if you agree, that what the Attorney General does doesn't touch this case. I would agree, Your Honor. So with that in mind, how is this different from how you would argue the first case? Well, as far as jurisdiction goes, I think the same issue, as I've already addressed, there's jurisdiction. The question then becomes, what are the errors and omissions? And the question there is whether the errors and omissions were evident enough on the record for counsel to have raised them when he was arguing the case, case number, this back in 2003 filing, to raise them. Now, his issues that he had in front of him was, first of all, the trial attorney in front of the Office of the Immigration Judge in Los Angeles. Very interesting situation. He's representing the father and the daughter, the daughter being my client. He has them in front of two different immigration judges. He has the father available to testify at the daughter's hearing, but doesn't call her, doesn't consolidate the cases. Essentially, there's a nucleus of facts asserted by the father in his affidavit, which was included in the habeas petition, that there is the reason he was prosecuted. And it's also indicated by the evidence that wasn't timely submitted by the trial attorney that, look, she's being prosecuted, or she's having problems, I'm having problems because of her situation, and that's the gist of it. But he wasn't called as a witness. We got two different decisions by two different immigration judges, fathers granted, daughters denied. And there is a credibility issue and a major credibility issue for the daughter, for my client. Why isn't the remedy there to reopen? It would have been. But they didn't make it. Right. So why isn't that still a remedy? I mean, why is there here, it seems that there's a total failure of exhaustion. Well, here the problem is, how do you get back down to the BIA at that point in history after there's been an entry of a judgment and so much time has passed and it's gone through one Ninth Circuit proceeding?  My problem with some of these cases is that, you know, they take on a perpetual life under this theory, and at some point, if you have to exhaust or you have to go through the steps of Lozada and ask to reopen and you haven't done that, then it shouldn't be in the Ninth Circuit and it shouldn't be in the district court. It should be back at the BIA, seeing if that works out or doesn't work out. And then seeing whether there's a follow-on federal court case following that. This seems an effort to short-circuit that process and get the federal court to be the first line instead of the administrative court. So maybe you could respond to that. Yeah. The problem I have in this case, and the problem that's facing GOTRA, she had my client, rather, is she's got a final order, it's been litigated, the counsel didn't raise any of the issues that are obvious on the face of the record. I think the consolidation issue would, in and of itself, might be a tactical decision, but when you look at the result and result of not calling these corroborating witnesses for the adverse credibility finding, she's got, it's pretty evident on the face of the record that something wasn't done, and in addition, this so-called letter brief saying, look, there are two cases that are quite similar, and the BIA should have done something about them, and then not, once the BIA doesn't do anything and just says it's additional evidence, lets it go. So the question is, how do you get back? And the mechanism at that point is you've got, in order to get there, you've got IAC interlayered with IAC, and you've got to be able to go back down to the lower level. So the question is, what kind of remedy can you fashion to get there? Yeah. If you can get there. I mean, just the law is not perfect. The Congress has put in this jurisdiction stripping, and the district court, through Habeas, has no jurisdiction to review the final order. It seems to me that's what the district court was being asked to do. That is, why doesn't the jurisdiction stripping rule apply, because, in effect, what the Petitioner is asking is a review of the final order. Yes. And that's, if that were the only question, I would agree. If we're just seeking, there wouldn't even be the same jurisdiction in those circumstances. But the problem here is, the problem is the IAC problem was never raised on review, wasn't raised with the BIA. None of those issues were raised. It's been fully litigated. Ordinarily, it would be res judicata. However, that issue wasn't raised as a defense in this case, as far as I can tell, going back to the question. Well, what it sounds like you're arguing is that maybe there's a suspension clause problem with the analysis that this that you're asking for a review of the final order in the district court doesn't have Habeas jurisdiction. But isn't the answer to that that the Petitioner could ask for a motion to recall a mandate in our court, and that that is the alternative ground that overrides the suspension clause, and the district court has no jurisdiction, and it's just left to the Petitioner to move for us, if we will do so, to recall the mandate? What's wrong with that analysis? Two practical problems, Your Honor. As I indicated, it wasn't raised res judicata wasn't raised as a defense. But going beyond that, one of the problems is in Case No. 0373515, which is the original Petition for Review proceeding, you have an actual order from the court saying that we will not entertain any more filings in this case. And so our problem is my client's faced with the problem of potentially committing contempt of court by filing anything further in the case. So and considering the merits of the petition and the things that were omitted, I could see probably why a panel wouldn't want to see this case again. However, let's assume we use good judgment and at least consider it. I am – secondly, the other problem I have with that analysis is you do have to be able to develop a record. This is a pre-Real ID Act case, and then Real ID Act intervenes, and here we are with the habeas after the fact. In terms of developing a record, it's not so much a problem in this case, but there are additional issues that needed to be raised as far as the affidavit from the father, which was – evidence was available but wasn't prosecuted in front of the immigration judge. But if the court finds that a motion to recall a mandate is the appropriate remedy, then we'd ask Lee to go ahead and file that petition, because I think the errors and omissions on this case are significant enough and evident enough on the record to at least find that to be a justifiable application. Well, let's say we didn't go that route. I mean, that's an option, but what do you get out of the habeas? In other words, are you asking the district court to tell the Ninth Circuit that the person was potentially ineffective as counsel, and therefore, the district court would be telling the Ninth Circuit, let them file? I mean, what's the end game of your habeas, if you got your habeas? Well, I think, considering the full landscape of the law and the other alternative remedies discussed here, the probable request would be leave, probably would be a remedy shaped around recalling the mandate, alternatively reissuing the decision in a post-real I.D. circumstance in order to litigate the issue. But I do not think that creates some very almost impossible jurisdictional problems. Right. And so that's where I'm trying to understand if you can even be where you are in this case. I mean, I know where you are, but can you legally get anything out of where you are? Let's say, okay, you can file in the district court, but what authority, what remedy can the district court give you? I don't think the district court can tell the Ninth Circuit to recall its mandate, can it? I mean, that just doesn't seem — there's something structurally amiss here is what I'm trying to get at. And so I'm just saying, okay, you win in the district court. And so then you say to the district court, please enter Order X. What will the order say? Mrs. Gautreaux is not going to be in contempt of court if she files a request to recall a mandate, essentially. I mean, is that all? That would be about all she could based on the additional authority that's been submitted on 28J letters. Short, the only other alternative is to reissue the — And so you think the district court could say the Ninth Circuit may not hold her in contempt? Well, that's a difficult question. That's why I'm asking it, because I'm trying to figure out how it would really work. Well, based on the errors and omissions to develop the record under the habeas, I don't — you know, I don't have any authority I can cite either way on that issue. It's not that I'm averse to having the district courts tell us things, because we tell them things all the time. I'm just thinking sort of in terms of the statutes and the Constitution of how it works. And so it might — there would be no real authority, it seems to me, whereas it's a different issue when we remand to the administrative agency or whatever. So, well, anyway, that's — I haven't figured out what you would get if you won. That's what I'm still having trouble saying. And in a way, what the district court went about it a little differently. And she said, I'm looking at this even if you did put it in the Ninth Circuit, you wouldn't even win because there were too many deficiencies, and therefore, I'm just going to short look at the harder question and say, end of case. So why wouldn't Judge Chesney's approach — what's wrong with that? Well, our problem with — if she wanted to terminate it on jurisdictional issues or we can't fashion a remedy or this, you know, this habeas is going to be futile, that would be one thing. But instead, she goes through an actual analysis of why almost the obverse of the problem being discussed here in terms of a remedy, she goes into a lot of speculation why these issues would not be tenable in front of this court. Well, she's kind of doing what we do in habeas, which is usually you say ineffective assistance counsel, say, okay, we'll either assume it or it happened, but now show me the prejudice. And she's saying, you haven't shown me the prejudice here. That's how I'm reading it. I don't — yeah, I don't think she even gets there. I think she basically says, look, there's no equal protection problem on these two dictas, dicta cases, footnote dicta cases for equal protection. I don't see exhaustion, and that's the end of it. She doesn't even get to the issue as far as remedy goes. So the order we're appealing from is, how can I say, somewhat circumscribed to some narrower issues as opposed to the jurisdictional issues. Well, let's say we reverse the district court. Then you're telling us that you would go back and then you would ask the district court if you won and got everything you wanted, you would just ask for the mandate for the ability to not be in contempt for recalling the mandate. Is that right? That would be the essential remedy. The only remedy left to her at this point. Okay. Why don't we hear from the government? Thank you. Thank you, Your Honor. I think there is something structurally amiss in this case. I think if there is a remedy available to petitioner for alleged ineffective assistance of counsel that occurred in this court, the understanding of the lawyer is sufficient in this court. The remedy is to ask this court to do something about it. Not to come to the district court, a court that has nothing to do with the removal proceedings at all, and ask this court, I guess, to direct, ask the district court to direct this court to recall the mandate so he can get a deal over it. It just doesn't make any sense. I think what the remedy would be is to ask this court to recall the mandate to disperse and say, you know, please reopen my appeal because my former counsel made some poor arguments or did make arguments I think he should have made. So, let me file a new brief. But I don't think the answer is to come into the district court and ask the district court to try to fashion some remedy for bad lawyering that may have a perverted discipline. It doesn't make sense. But I don't think we need to repeat that question. Because although that was the government's primary argument in this court, the district court took a very reasonable approach by saying it really doesn't matter because the arguments that you are alleging your lawyer should have made here are meritless. And they're meritless, so therefore, your former attorney was not conditioned. Could you clarify something for me in your argument? The assumption is that the — that you make is the district court has jurisdiction power to do something. How would you argue that this isn't in conflict with a jurisdiction-stripping bill and that what, in effect, is happening is that Petitioner is asking for a review of the final order, which the statute says they can't do in habeas? What would be your — what would be your response to that? Well, I think, Your Honor, it's very difficult to distinguish this case in terms of whether or not the real idea barred habeas jurisdiction. For the district court, I think it's very hard to distinguish this case from Commercy Sink, which is a decision that was issued by this Court in the last year and a half or so. And the argument that the Court accepted from Petitioner is that because it alleged ineffective assistance and has been burdened after the entry of a final removal order, as is the case here, because all Petitioner is seeking is reissuance of the BIA's decision, it's not challenging, it's not attacking the removal order. Petitioner is saying, if you accept the rationale for emergency things, the same is true here. He's saying the alleged ineffective assistance occurred after the entry of a removal order. All I'm seeking — although it sounds like the remedy is shifting a little bit, Petitioner makes clear in response to this Court's work or reading on that issue, all he's seeking is reissuance of the BIA's decision, which will allow BIAs to come back to this Court and write a better brief. So in that sense, he's not attacking the entry of a removal order. So I think under the Real I.D. Act, he's saying the Real I.D. Act did not deprive the district court. Well, of course, he can't do that now under the AG's report, because the AG has excluded errors that occur in briefing an argument, which is what we have here. So that couldn't occur at all. But in — don't you have to fashion some sort of argument that this doesn't review the final order? And how would you do that? It just strikes me that it is a review of final order, and therefore the Real I.D. Act applies. How would you fashion that argument? The ultimate requirement is to attack that removal order. That's what they're doing. Now, you can call it what you want to. But that is a review of that order because of X, Y, or Z. And there's always an X, Y, or Z. It's — I'm having difficulty trying to get this Real I.D. Act giving jurisdiction to the district court to do whatever, to tell us to accept — to recall a mandate or to do anything. It just seems to me it's hard to find the jurisdiction in the district court to do anything. Right. And I think the only distinction I can say is that although I think in Latin America he's saying the district court has jurisdiction, despite the Real I.D. Act's provisions, it's still the government's position that the district court isn't really able to fashion any effective relief in this case. So another way to put it is if you have jurisdiction, but there's no way to state it, that there's really a failure to state a claim because there's no remedy in the district court. That's the government's position that the Real I.D. Act can't provide district court jurisdiction, but the district court has no ability to fashion effective relief. The district court's not really in a position to be telling this court to do anything. So we would — on the way it came up in this posture, would we have the authority to make that determination, in other words, affirm on a ground not considered by the district court? That's the government's argument, is that first of all, you know, their plan is why this court can affirm the district court, whether we can state it on the district court. But an alternative ground fully supported by the record is that the district court didn't have the ability to fashion any effective relief. The relief that they've sought. The relief that they've sought. Obviously, the court can do what it would like. I think the district court's decision is reasonable because he was assuming that the district court had the ability to fashion an effective relief. The district court didn't need to get it because if the district court looked at the arguments raised in the Hays petition and said none of these would have been winning arguments, it's a nice one. And I can get into why that is. It was just kind of an odd thing, almost as if the district court was acting as if the motion to recall the mandate were presented to it and said, but I'm not going to do it because there's no relief, therefore, you don't meet the criteria. I think that's probably the problem. Even if these arguments should have been made in the next survey. Do you think that the district court has the power to tell us what to do with our petition? No, Your Honor, I don't. I think the next survey has the authority of the district court to do that. So the district court's only review was, why don't you be nice and respond favorably to a petition rather than telling us what we can do? I think what the district court viewed the petitioner's Hays, I think how the district court viewed the petitioner's Hays was not asking the district court to direct this court to do anything but to have the BIA do the issues. I think that's probably the way the district court was viewing it, because that's the way the petitioner phrased the Hays petition. The petitioner did not ask the district court to direct this court. But you couldn't ask the district court would be in a difficult position to tell the BIA that they had jurisdiction after the attorney general's indication indicating they don't, right? That's true. And we didn't make that argument. We never argued the law. The district court didn't say, you should raise this argument with the BIA. Yeah, well. I'm glad that the argument is being made. It's just that we don't have control of the petition. This has been kind of a moving target with this recent addition by the attorney general that has changed a lot of things we have to do in relationship to our analysis. I don't think so, Your Honor. I think the Hays statement, in his opinion, that the BIA doesn't have authority to re-issue this petition after the case has been fully litigated in the ninth circuit, that's a very uncontroversial statement in my view. And it's not inconsistent with any of the arguments made below this case. I mean, the government never argued with the district court that the district should go to the BIA and ask the BIA to motion to do that. That was never a government decision in this case. So I disagree. But not in this case. It doesn't make any sense to ask the BIA to re-issue this decision in a case that actually was litigated in the ninth circuit. Yes. That's an amended decision. Yes. It doesn't make any sense. Yeah. It was the last case. The other. All right. We don't have any further questions. Thank you. Just briefly, Your Honors. First of all, as far as BIA jurisdiction is concerned, under Copion, I think it's now, if there was ever any jurisdiction at all in this case, it's now a dead letter under Copion. So I don't think that's an alternative remedy. The original re-issuance of the BIA decision was basically postulated as a remedy in this particular case after the Real ID Act, which basically tells us the only way you can review an order anymore is by influence of a, excuse me, by petition for review proceedings. So that was the genesis of that particular form of relief. If the Court chooses to affirm the decision of the district court, we wouldn't ask any alternative for relief to file a petition for a reclaiming mandate in this court. And we just submit it on that basis. Thank you. Thank you. The case just argued, Gautreaux v. Chertoff is submitted.
judges: Wallace, Farris, McKeown